AMELIA MEDRANO, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 736.   Submitted November 5, 1928.—Decided November 16, 1928.

*A. Ramírez Silva* for the appellant.   The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the deed which originated this administrative appeal a description is given of the property from which a segregation (also described) was made and sold to the appellant. The registrar recorded the sale, but noted the curable defect that there was no description by metes and bounds of the remainder of the principal property from which was made the segregation referred to in the deed after the segregations which appear of record. In other words, that defect was assigned because in this sale no description has been given of the property as it was left to the vendors after making the segregations from the original property which appear of record, wherefore the question is whether the principal property which must be described for the purpose of making a segregation is the property left after the previous segregations or the original property without segregations.

That question was decided in the cases of *Kennedy* v. *Registrar of San Juan,* 26 P.R.R. 720, and *Figueroa* v. *Registrar of San Germán,* 31 P.R.R. 360, in the sense that the main property which must be described is the parcel of land whose ownership remained exclusively in the vendors after the segregations made previously. It is reasonable that it should be so, because in making and alienating this segregation the principal property of the vendors is not the property originally acquired by them and from which they have made several segregations that appear in the registry, but the re-

mainder left after those segregations and from which the segregation has been made and sold to the appellant.

The case of *Irizarry* v. *Registrar of Mayagüez*, decided July 2, 1928, *ante*, page 447, reversing the decision of the registrar as regards a curable defect assigned by him, cited by both parties, is not applicable to this case because the contention of the registrar in that case was that a description should be given as the principal property of the remainder after making the segregation sold, and that was not the principal property from which the segregation was to be made.

The decision appealed from must be affirmed.